UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CRYSTAL LASHUN WALKER,

       Plaintiff,

v.                                        Case No:  3:14-cv-1541-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff, Crystal Lashun Walker, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Disability Insurance Benefits ("DIB").   The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, Factual Background and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v).  If the claimant is capable of performing other work, she will be found not disabled.  *Id*.  In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for DIB on January 22, 2011. (Tr. 741). Plaintiff's application was denied initially on January 25, 2012, and upon reconsideration on February 9, 2012. (Tr. 652, 659). A hearing was held before Administrative Law Judge Aaron M. Morgan (the "ALJ") on January 28, 2013. (Tr. 596-628). The ALJ thereafter entered a decision finding Plaintiff not disabled on April 26, 2013. (Tr. 582-89). The Appeals Council denied Plaintiff's request for review on November 4, 2014. (Tr. 1). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on December 31, 2015. The parties having filed memoranda of law in support of their positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 10, 2010, her amended alleged onset date. (Tr. 584). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative joint disease, chronic pain syndrome, diabetes mellitus, and morbid obesity. (Tr. 584). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 585).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform sedentary exertional work defined in 20 CFR 404.1567(a) and must avoid concentrated exposure to extreme heat and to workplace hazards such as machinery and heights." (Tr. 586). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a customer service representative. (Tr. 589). The ALJ concluded that Plaintiff has not been under a disability from November 10, 2010, through the date of the decision. (Tr. 589).

## II.    Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to articulate good cause for not crediting the opinion of treating physician Vickie Prince, M.D., and by failing to realize that Samantha Cribbett, Advanced Registered Nurse Practitioner (ARNP), also signed the opinion; (2) whether the ALJ erred by failing to analyze the frequency, severity, and occupational impact of Plaintiff's headaches on her ability to perform her past relevant work as a customer service representative on a full-time basis; and (3) whether the ALJ erred by failing to properly analyze Plaintiff's pain and credibility. (Doc. 20 p. 1). The Court will address each issue in detail below.

### a.    Whether the ALJ erred by failing to articulate good cause for not crediting the opinion of treating physician Vickie Prince, M.D., and by failing to realize that Samantha Cribbett, ARNP, also signed the opinion.

Plaintiff argues that the ALJ erred by failing to articulate good cause for his decision not to accord substantial weight to the opinion Dr. Prince's opinion. (Doc. 20 p. 11-12). Plaintiff also contends that the ALJ erred by failing to realize that ARNP Cribbett also signed the opinion. (Doc. 20 p. 11-12). Plaintiff contends that the ALJ offered very little meaningful rationale for rejecting Dr. Prince's opinion, and that post hoc rationalizations will not save the ALJ's decision. (Doc. 20

p. 18-19).  Plaintiff argues that Dr. Prince based her opinion on notes from neurology, pain management, and her own examinations of Plaintiff.  (Doc. 20 p. 18).

In response, Defendant argues that the ALJ had good cause for according little weight to Dr. Prince's opinion.  (Doc. 23 p. 6).  Defendant contends that while retrospective opinions are not *per se* invalid, they must be supported by the record.  (Doc. 23 p. 6).  Defendant argues that the record prior to Dr. Prince's 2012 opinion does not support the degree of limitation opined by Dr. Prince.  (Doc. 23 p. 6-7).  In addition, Defendant contends that Plaintiff's conservative treatment after beginning treatment with Dr. Prince stands in stark contrast to the extreme limitations opined by Dr. Prince.  (Doc. 23 p. 7).  Defendant contends that the ALJ did not err by failing to acknowledge that the opinion was co-signed by ARNP Cribbett because the ALJ correctly evaluated the opinion under the more deferential standard applicable to treating source opinions. (Doc. 23 p. 9).

The record reflects that Dr. Prince and ARNP Cribbett completed a Physical Residual Functional Capacity Questionnaire on Plaintiff's behalf on July 10, 2012.  (Tr. 1092-96).  They noted that Plaintiff suffered from weakness of the muscles, chest pain, depression, low back pain, neck pain, degenerative joint disease of the spine, and headaches.  (Tr. 1093).  They found that Plaintiff's prognosis was poor and emotional factors of depression and psychological factors affected her physical condition.  (Tr. 1093).  They found that Plaintiff constantly experiences pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks. (Tr. 1094).  They found that Plaintiff is incapable of even low stress jobs as her pain was too severe and constant.  (Tr. 1094).  They found that Plaintiff could only walk a half of a city block without rest or severe pain and could only sit for 45 minutes at one time and could only stand for two to three minutes at one time before needing to sit down or walk around.

(Tr. 1094).  They found that Plaintiff could only sit, stand, or walk for less than two hours in an eight hour work day; would need periods of walking around during an eight hour day every thirty minutes for two minutes each time; required a job that permitted shifting positions at will and would sometimes need to take unscheduled breaks every thirty minutes for fifteen to thirty minutes before returning to work;  would need to keep her legs elevated above heart level 90 percent of the time during an eight hour day; could never lift and carry over ten pounds and could rarely turn head right to left; and could never stoop, bend, crouch, squat, climb stairs, or ladders.  (Tr. 1095-96).  In addition, Dr. Prince and ARNP Cribbett opined that Plaintiff had significant limitations with reaching, handling and fingering and could only use her right hand and fingers thirty percent of the time and use her arms for reaching ten percent of the time. These limitations applied as of 2009.  (Tr. 1096).

"Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability." *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).  The opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).  Good cause exists when the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  *Id.* at 1241.  An ALJ may decline to give controlling weight to a treating source's opinion when it is not supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2).  The ALJ's good cause finding must be clearly articulated.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Phillips*, 357 F.3d at 1240-41).

- 7 -

The Court begins with Plaintiff's argument that the ALJ erred by failing to recognize that ARNP Cribbett also signed the Physical Residual Functional Capacity Questionnaire.  While Plaintiff is correct that an ALJ should typically explain the weight given to opinions from "other sources" such as those from an ARNP, *See* Social Security Ruling 06-03p, under the facts of this case, the Court finds that the ALJ did not err by failing to acknowledge that ARNP Cribbett joined Dr. Prince in her opinion.  Instead of analyzing the opinion as if it was from an "other source," the ALJ considered it as an opinion of a treating physician.  As a treating physician, Dr. Prince's opinion was entitled to the highest standard of deference.  In this way, the ALJ applied a more stringent standard to the opinion than if he were to consider it from ARNP Cribbett.  Thus, if good cause supported the ALJ's decision to reject the opinion, then the ALJ's failure to mention that the opinion was co-signed by ARNP Cribbett is harmless.  The Court turns to that determination now.

In his decision, the ALJ explained the weight he accorded the opinion of Dr. Prince's opinion as follows:

> As for the opinion evidence, little weight is given to Dr. Prince's note (Ex. 12; 16F) that the claimant has not been able to work since 2009 as the claimant did not begin treating with Dr. Prince until 2012.  Furthermore, the extreme limitations are not supported by the treatment notes or care that the claimant received.  The opinion rather appears to be based on the claimant's subjective complaints rather than objective medical findings.

(Tr. 588).  The Court finds that this explanation fails to establish good cause.  Courts in the Middle District of Florida have held that stating that a doctor's opinions are inconsistent with the record, without more, does not provide the good cause required to afford them little consideration. *Hourihan v. Comm'r of Soc. Sec.*, 2013 WL 1174958, at *5 (M.D. Fla. Mar. 20, 2013) (citing *Kahle v. Comm'r of Soc. Sec.,* 845 F.Supp.2d 1262, 1272 (M.D. Fla. 2012) (ALJ did not articulate good cause for rejecting the consultative examining doctor's opinion where the ALJ conclusorily stated that the consultative examining doctor's opinion was inconsistent with the record); *Rosario*

*v. Comm'r of Soc. Sec.,* 2012 WL 2589350, at *14 (M.D.Fla.2012) (reversing the ALJ's decision where the ALJ gave medical opinions less than controlling weight based on the conclusion, without more, that they were inconsistent with their own exam records).   While the ALJ found that Plaintiff's "extreme limitations are not supported by the treatment notes or care that the claimant received" he failed to make any specific citation to the record demonstrating this fact.   Likewise, the ALJ made no showing that Dr. Prince's opinion was based primarily on Plaintiff's subjective complaints.

In its Memorandum of Law, Defendant attempts to show that the ALJ's findings are supported by substantial evidence of record.   The Court is cognizant, however, that post hoc rationalizations will not cure the defect in the ALJ's decision.   *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010).   The ALJ failed to adequately articulate his reasons for rejecting the opinion offered by Dr. Prince and ARNP Cribbett and, thus, committed reversible error.   Upon remand, the Court will require the ALJ to articulate with specificity his reason for according the opinion from Dr. Prince and ARNP Cribbett "little weight."

**b. Whether the ALJ erred by failing to analyze the frequency, severity, and occupational impact of Plaintiff's headaches on her ability to perform her past relevant work as a customer service representative on a full-time basis.**

Plaintiff argues that the ALJ did not include Plaintiff's headaches as a severe impairment and there is no indication that the ALJ separately considered the migraine headaches to be a medically determinable impairment.   (Doc. 20 p. 20).   Plaintiff contends that the ALJ did not mention the medical evidence supporting her migraine headaches in the hearing decision, but only indicated that Plaintiff testified to having migraine headaches.   (Doc. 20 p. 22).   Plaintiff contends that the ALJ also failed to meaningfully evaluate the impact of Plaintiff's migraine headaches on her ability to perform sustained work.   (Doc. 20 p. 22).

Defendant responds that the ALJ acknowledged that Plaintiff reported experiencing two or three migraine headaches a week, but found that Plaintiff was not credible due to her return to work, application and receipt of unemployment benefits, conservative treatment, and lack of objective findings supportive of the extent of limitation alleged.  (Doc. 23 p. 10).  Defendant argues that Plaintiff's record reveals only inconsistent and conservative treatment for migraine headaches. (Doc. 23 p. 11).

The ALJ must consider each alleged impairment and "state the weight accorded [to] each item of impairment evidence and the reasons for his decisions on such evidence." *Compton v. Astrue*, 2008 WL 344494, at *2 (M.D. Fla. Feb. 7, 2008) (citing *Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir.1986)).   In addition, the ALJ must explain whether the impairments are severe singularly and in combination.  *Id.*  The combined effect of impairments must be considered even if any of the impairments considered separately are not "severe." *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir.1985) (citations omitted). The failure to comply with these requirements results in a remand. *See Gibson,* 779 F.2d at 623.

In this case, the record is replete with references to Plaintiff's complaints and diagnoses of migraine headaches.  (Tr. 982, 985, 1025, 1031, 1044, 1049, 1053, 1059, 1072, 1089-90, 1246, 1283, and 1316).  While the ALJ noted that Plaintiff testified at her hearing that she experiences two or three migraines a week that are helped by lying down in a dark room, the ALJ made no reference to the medical evidence supporting her migraine headaches.  In this way, the ALJ erred by failing to consider the combined effects of Plaintiff's impairments, including her migraine headaches.

Defendant's arguments that the ALJ did not err because the mere diagnosis of a condition does not reveal the severity or limiting effects of the impairment, and that the record reveals only

inconsistent and conservative treatment for Plaintiff's migraine headaches miss the mark. The ALJ's error is that there is no indication that he even considered the medical evidence of Plaintiff's migraine headaches, not that he should have included additional limitations to Plaintiff's RFC. Upon remand, the ALJ shall specifically consider the medical evidence pertaining to Plaintiff's migraine headaches.

    **c.** **Whether the ALJ erred by failing to properly analyze Plaintiff's pain and credibility.**

Plaintiff argues that the ALJ erred by failing to properly analyze Plaintiff's pain and credibility. (Doc. 20 p. 23). Defendant argues that substantial evidence supports the ALJ's credibility determination. (Doc. 23 p. 12). In light of the Court's decision to remand this case for the ALJ's failure to provide good cause for according little weight to the opinion of Dr. Prince and ARNP Cribbett, and for his failure to acknowledge the medical record of Plaintiff's migraine headaches, the Court will defer from analyzing whether the ALJ properly analyzed Plaintiff's credibility at this time. On remand, the ALJ is directed to re-analyze Plaintiff's credibility as appropriate given his other findings.

    **III.**    **Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

    **DONE** and **ORDERED** in Fort Myers, Florida on March 14, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

- 11 -

Copies furnished to:

Counsel of Record
Unrepresented Parties